******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* RICARDO O. MYERS
## (AC 39621)

Lavine, Elgo and Flynn, Js.

*Syllabus*

Convicted of, inter alia, the crime of murder in connection with the shooting
death of the victim, the defendant appealed. During the defendant's trial,
he sought to admit into evidence a video recording of an interview with
the police, wherein a witness who was unavailable to testify, R, identified
a third party as the shooter of the victim. After hearing argument, the
trial court ruled that the video was not admissible under the residual
exception to the hearsay rule. On appeal, the defendant claimed that
the trial court erred in excluding the video interview of R. *Held* that
the defendant's claim, raised for the first time in his reply brief, that
the court's improper exclusion of the video recording of R's interview
was harmful was not reviewable, as an appellant must raise and analyze
in his first and principal brief any matters necessary for the determina-
tion of his appeal, and cannot raise and analyze a claim for the first
time in a reply brief, and, therefore, it was the defendant's responsibility
to analyze the harm that flowed from the court's evidentiary ruling
in his principal brief; moreover, although the defendant claimed that,
because the excluded evidence imputed culpability to a third party, the
harm from its exclusion was so obvious that he did not need to brief
and analyze it in his principal brief, he was still required to provide
some analysis, in writing in his principal brief, concerning how he was
harmed from the claimed error given the other evidence before the jury,
so as to give the appellee a fair opportunity to respond to it in writing and
the reviewing court the full benefit of the appellee's written response.

(*One judge concurring*)

Argued September 12—officially released November 14, 2017

*Procedural History*

Substitute information charging the defendant with
the crime of murder, and with two counts of the crime
of assault in the first degree, brought to the Superior
Court in the judicial district of New Haven, geographical
area number twenty-three, and tried to the jury before
*Vitale, J.*; verdict and judgment of guilty, from which
the defendant appealed. *Affirmed.*

*S. Max Simmons*, assigned counsel, for the appel-
lant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attor-
ney, with whom, on the brief, were *Patrick Griffin*,
state's attorney, and *Gary Nicholson*, former senior
assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. It has been long settled in our appellate procedure that an appellant must raise and analyze in his first and principal brief any matters necessary for the determination of his appeal, and cannot do so for the first time in his reply brief. The defendant, Ricardo O. Myers, was convicted, after a jury trial, of murder in violation of General Statutes § 53a-54a[1] and two counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). On appeal, the defendant claims that the trial court erred in excluding the video interview of a witness who was unavailable to testify. Because the defendant failed to brief any analysis of how the alleged erroneous ruling was harmful, until he filed a reply brief, his claim is unreviewable. Accordingly, we affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On May 17, 2013, the defendant, along with Dwight Crooks and Gary Pope, was at the Lazy Lizard club in New Haven. The club let out during the early hours of May 18, 2013, and the trio made its way out with the crowd. Once outside, an argument ensued between the defendant's group and another group that was across the street. The argument escalated to a physical altercation before officers of the New Haven police stepped in and caused the groups to disperse. The defendant and his friends then got into Pope's car and drove around before parking in a different lot not far from the club. The three then headed out on foot to meet someone they knew when they encountered again the group from Lazy Lizard. Some provocative remarks were made and the two groups moved toward each other. Crooks testified at trial that, at this point, he heard gunshots, and he turned to see the defendant holding a gun. Two bullets struck and killed Tirrell Drew, who was a member of the other group, and stray bullets injured two bystanders. The bullets recovered from Drew's body were found to have been fired from a .40 caliber semiautomatic Glock handgun owned by the defendant and seized from his residence by the police on June 14, 2013, nearly a month after the shooting.

The defendant subsequently was arrested and charged with murder and two counts of assault in the first degree. The issue on appeal arises because six days after the shooting, a person named Latrell Rountree, while in custody on an unrelated matter, revealed to the police that he was Drew's friend and was present when Drew was shot. Rountree identified Pope as the shooter. At trial, the defendant attempted to call Rountree as a witness, but could not secure his presence. The defendant then sought to admit into evidence a video recording of Rountree's interview with the police, wherein Rountree identified Pope as the shooter. After hearing argument, the trial court ruled

that the video was not admissible under the residual exception to the hearsay rule.[2] On June 3, 2015, the jury found the defendant guilty on all three counts, and the court rendered judgment accordingly. This appeal followed.

The defendant claims that the trial court abused its discretion in refusing to admit the video under the residual exception to the hearsay rule.[3] The state contends that the court did not abuse its discretion. Additionally, as a threshold matter, the state also contends that this court should not reach the defendant's claim because he failed to analyze in his principal brief how he was harmed by the alleged erroneous ruling. In his reply brief, the defendant presents his harmful error analysis for the first time. At oral argument, the defendant asserted that the harm resulting from the court's ruling is implicit in his principal brief because this court has enough information before it to review harm. Because the defendant failed to provide any analysis in his principal brief as to how he was harmed by the trial court's ruling, we decline to review his claim.

"It is well settled that, absent structural error, the mere fact that a trial court rendered an improper ruling does not entitle the party challenging that ruling to obtain a new trial. An improper ruling must also be harmful to justify such relief. . . . The harmfulness of an improper ruling is material irrespective of whether the ruling is subject to review under an abuse of discretion standard or a plenary review standard. . . . When the ruling at issue is not of constitutional dimensions, the party challenging the ruling bears the burden of proving harm." (Internal quotation marks omitted.) *State* v. *Toro*, 172 Conn. App. 810, 816, 162 A.3d 63, cert. denied, 327 Conn. 905,      A.3d      (2017).

"It is a fundamental rule of appellate review of evidentiary rulings that if [the] error is not of constitutional dimensions, an appellant has the burden of establishing that there has been an erroneous ruling which was probably harmful to him." (Internal quotation marks omitted.) Id., 817. It is also "a well established principle that arguments cannot be raised for the first time in a reply brief." (Internal quotation marks omitted.) *State* v. *Garvin*, 242 Conn. 296, 312, 699 A.2d 921 (1997); see also *SS-II, LLC* v. *Bridge Street Associates*, 293 Conn. 287, 302, 977 A.2d 189 (2009); *Calcano* v. *Calcano*, 257 Conn. 230, 244, 777 A.2d 633 (2001); *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 659 n.2, 594 A.2d 958 (1991). "[I]t is improper to raise a new argument in a reply brief, because doing so deprives the opposing party of the opportunity to respond in writing." (Internal quotation marks omitted.) *Markley* v. *Dept. of Public Utility Control*, 301 Conn. 56, 74, 23 A.3d 668 (2011).

In the present case, the defendant appeals from an evidentiary ruling of a nonconstitutional nature. As

such, it is the defendant's responsibility to analyze, in his principal brief, the harm that flows from an evidentiary ruling. The defendant did not do this but, instead, referenced harm only in his reply brief. Under our rules of appellate practice, issues cannot be raised and analyzed for the first time in an appellant's reply brief. *State* v. *Garvin*, supra, 242 Conn. 312. This rule is a sound one because the appellee is entitled to but one brief and should not therefore be left to speculate at how an appellant may analyze something raised for the first time in a reply brief, which the appellee cannot answer. See *State* v. *Thompson*, 98 Conn. App. 245, 248, 907 A.2d 1257, cert. denied, 280 Conn. 946, 912 A.2d 482 (2006). Specifically with regard to evidentiary rulings, this court, on multiple occasions, has declined to review claims where the appellant fails to analyze harmful error in his or her principal brief. See, e.g., *State* v. *Toro*, supra, 172 Conn. App. 820; *State* v. *Baker*, 168 Conn. App. 19, 37, 145 A.3d 955, cert. denied, 323 Conn. 932, 150 A.3d 232 (2016). Recently, in *State* v. *Holmes*, 176 Conn. App. 156, 183, 169 A.3d 264 (2017), this court deemed the appellant's claim abandoned, where he failed to brief the harm suffered from an evidentiary ruling that he claimed was erroneous.

Unless these Appellate Court rulings are overturned en banc, they are binding on us. *State* v. *Ortiz*, 133 Conn. App. 118, 122, 33 A.3d 862 (2012), aff'd, 312 Conn. 551, 93 A.3d 1128 (2014). Rulings of our Supreme Court reflect a plethora of authority that prohibits us from reaching the merits of the appellant's claim. See, e.g., *Markley* v. *Dept. of Public Utility Control*, supra, 301 Conn. 74 (claims or arguments cannot be raised for first time in reply brief); *Grimm* v. *Grimm*, 276 Conn. 377, 393–94 n.19, 886 A.2d 391 (2005) (same), cert. denied, 547 U.S. 1148, 126 S. Ct. 2296, 164 L. Ed. 2d 815 (2006); *Eskin* v. *Castiglia*, 253 Conn. 516, 528 n.8, 753 A.2d 927 (2000) (same); see also *Calcano* v. *Calcano*, supra, 257 Conn. 244 (claims of error must be raised in "original" brief); *State* v. *Holmes*, supra, 176 Conn. App. 184–85 (harm must be raised in "principal" brief); *State* v. *Toro*, supra, 172 Conn. App. 818 (harm must be shown in "main" brief).

The defendant also argues, however, that harm was implicit in his principal brief because this court has enough information before it to review harm. Essentially, the defendant contends that because the excluded evidence imputed culpability to a third party, the harm from its exclusion is so obvious that he did not need to brief and analyze it in his principal brief. This argument misses the point that there must be some analysis of how the defendant was harmed from the claimed error given the other evidence before the jury. See *State* v. *Toro*, supra, 172 Conn. App. 818–19. As our precedent instructs, this needs to be done in writing in the defendant's first and principal brief on appeal so that the appellee has a fair opportunity to respond to

it in writing and the reviewing court has the full benefit of the appellee's written response.

Here, the jury reasonably could have found that the defendant shot Drew to death by firing two bullets that entered Drew's body. Both bullets came from the defendant's gun and were recovered from Drew's body. The defendant still was in possession of this gun a month after the shooting. Crooks testified at the defendant's trial under oath and was cross-examined on his testimony that it was the defendant who shot Drew. Rountree, on the other hand, refused to honor a subpoena and give testimony subject to cross-examination under oath.[4] The defendant was convicted of murder for the killing, as well as for two counts of assault in the first degree for shooting two other men, who did not die, as part of the same altercation. Under these circumstances, we are not convinced that any harm resulting from the exclusion of Rountree's interview is self-evident in light of the evidence presented at trial. Accordingly, because the defendant failed to brief and analyze in his primary brief the resulting harm from the court's exclusion of the video recording of Rountree's interview, we decline to consider whether the trial court abused its discretion.

The judgment is affirmed.

In this opinion ELGO, J., concurred.

[1] Although § 53a-54a was the subject of amendments in 2015; see Public Acts 2015, No. 15-84, § 9; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[2] Section 8-9 of the Connecticut Code of Evidence provides: "A statement that is not admissible under any of the foregoing exceptions is admissible if the court determines that (1) there is a reasonable necessity for the admission of the statement, and (2) the statement is supported by equivalent guarantees of trustworthiness and reliability that are essential to other evidence admitted under traditional exceptions to the hearsay rule."

[3] The defendant also argues that where a video recording adequately captures a witness' interrogation by law enforcement, such that the fact finder's ability to judge the declarant's credibility is unencumbered, that video should be admissible under the residual exception to the hearsay rule. Because we do not reach the merits of this appeal, we do not address this argument.

[4] The trial court then issued a capias, but Rountree could not be located.