******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

MARCELO CERVANTES *v.* COMMISSIONER
OF CORRECTION
(AC 46947)

Bright, C. J., and Moll and Westbrook, Js.*

*Syllabus*

The petitioner, who had been convicted, on a conditional plea of nolo contendere, of the crimes of sexual assault in the first degree and home invasion, appealed after the habeas court denied his petition for certification to appeal from the court's judgment denying his petition for a writ of habeas corpus. The petitioner claimed, inter alia, that the habeas court improperly concluded that the sentencing court did not violate his right to due process by imposing a lengthier sentence than it offered him previously because he had pursued and failed to prevail on a motion to suppress certain statements he made to the police. *Held*:

The habeas court did not abuse its discretion in denying the petitioner certification to appeal, the court having properly determined that he was not denied his right to due process as a result of the imposition of the lengthier sentence, and, given clear precedent on that issue, this court was not persuaded that the issue was debatable among jurists of reason, that it reasonably could have been resolved differently or that it raised questions that deserved further appellate scrutiny.

Argued January 14—officially released March 11, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the petition was withdrawn in part; thereafter, the case was tried to the court, *Newson, J.*; judgment denying the petition; subsequently, the court denied the petition for certification to appeal, and the petitioner appealed to this court. *Appeal dismissed.*

*Chad L. Edgar*, assigned counsel, for the appellant (petitioner).

*Rocco A. Chiarenza*, senior assistant state's attorney, with whom, on the brief, were *John P. Doyle, Jr.*, state's

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

attorney, and *Craig P. Nowak*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

WESTBROOK, J. The petitioner, Marcelo Cervantes, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court abused its discretion by (1) denying him certification to appeal and (2) improperly rejecting his claim that the sentencing court violated his right to due process by imposing a lengthier sentence because he had pursued a motion to suppress. We disagree and, accordingly, dismiss the petitioner's appeal.

The following facts, as found by the habeas court, and procedural history are relevant to our resolution of this appeal. On April 14, 2013, a woman called the Hamden Police Department to report that she had been sexually assaulted in her home by an unknown Hispanic male. The police identified the petitioner as a suspect and went to speak with him at his place of employment. Following some initial conversation, the petitioner was transported to the police station. During transport, the petitioner admitted to some of the conduct that the victim alleged occurred at her house. At the station, the police provided the petitioner with *Miranda* warnings. See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). The petitioner thereafter provided additional statements to the police and was subsequently arrested and charged with sexual assault in the first degree in violation of General Statutes § 53a-70,[1] burglary in the first degree in violation

---

[1] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person  . . . ."

of General Statutes § 53a-101,[2] home invasion in violation of General Statutes § 53a-100aa,[3] and strangulation in the second degree in violation of General Statutes (Rev. to 2013) § 53a-64bb.[4]

On May 31, 2013, the petitioner filed a motion to suppress the statements that he had made while in transport to the police station. In about November, 2013, the state conveyed to the petitioner a plea offer of sixteen years of incarceration. Defense counsel, however, was negotiating for incarceration of less than ten years, believing that, if the petitioner's pre-*Miranda* statements were suppressed, the state's case would be significantly weakened. On December 16, 2013, the court, *Clifford, J.*, held a hearing during which it offered the petitioner a plea bargain under which he would serve thirteen years of incarceration, which the petitioner rejected. During the court's canvass of the petitioner, the following exchange took place:

"The Court: And you understand that I'm going to withdraw that offer. This is my attempt to work this case out short of a hearing. I know there's an issue on

_____

[2] General Statutes § 53a-101 (a) provides in relevant part: "A person is guilty of burglary in the first degree when (1) such person enters or remains unlawfully in a building with intent to commit a crime therein and is armed with explosives or a deadly weapon or dangerous instrument . . . ."

[3] General Statutes § 53a-100aa (a) provides in relevant part: "A person is guilty of home invasion when such person enters or remains unlawfully in a dwelling, while a person other than a participant in the crime is actually present in such dwelling, with intent to commit a crime therein, and, in the course of committing the offense . . . [a]cting either alone or with one or more persons, such person or another participant in the crime commits or attempts to commit a felony against the person of another person other than a participant in the crime who is actually present in such dwelling . . . ."

[4] General Statutes (Rev. to 2013) § 53a-64bb (a) provides: "A person is guilty of strangulation in the second degree when such person restrains another person by the neck or throat with the intent to impede the ability of such other person to breathe or restrict blood circulation of such other person and such person impedes the ability of such other person to breathe or restricts blood circulation of such other person."

a motion to suppress [an] alleged confession or inculpatory statement that you made, and I know the next step will be to have that hearing. But, obviously, if the state prevails at that hearing, this offer is not out there anymore. The case, in my opinion, depending on how the hearing goes, if it's not suppressed, your statement, then the state [is] in a stronger position and most likely the number would be—is going to be higher than the thirteen years that I'm offering. Do you understand that?

"[The Petitioner]: Yes.

"The Court: This offer is not out there for [you] to accept at some later time. I'll be withdrawing it today. Do you understand that?

"[The Petitioner]: Yes.

"The Court: And, obviously, if you prevail on the motion to suppress that would be the end of the case, I believe. I think—I don't believe the state could go forward, although I'm not binding them to that, but that is the strength of their case. So, if you win that motion, most likely that would be the end of the case. You understand that?

"[The Petitioner]: Yes, I understand that."

On June 10, 2014, after a hearing on the petitioner's motion to suppress his statements, the court, *Vitale, J.*, denied the motion. Because the petitioner did not prevail in suppressing his statements to the police, the prosecutor believed that the state had a strong case and offered the petitioner a sentence of twenty years of incarceration, ten of which were mandatory, in exchange for the petitioner's pleading guilty to sexual assault in the first degree and home invasion. After a pretrial conference on the matter, however, the court, *Clifford, J.*, offered a sentence of eighteen years of incarceration. Subsequently, pursuant to General Stat-

utes § 54-94a,[5] the petitioner entered a plea of nolo contendere, conditional on the right to appeal from the court's denial of his motion to suppress, to sexual assault in the first degree in violation of § 53a-70 and home invasion in violation of § 53a-100aa. The court sentenced him to eighteen years of incarceration in accordance with its offer.[6] The petitioner then appealed to this court, challenging the denial of his motion to suppress. See *State* v. *Cervantes*, 172 Conn. App. 74, 158 A.3d 430, cert. denied, 325 Conn. 927, 169 A.3d 231 (2017). This court affirmed the judgment of the trial court; see id.; and our Supreme Court denied the petitioner's request for certification to appeal. See *State* v. *Cervantes*, 325 Conn. 927, 169 A.3d 231 (2017).

On October 10, 2017, the petitioner filed a petition for a writ of habeas corpus, claiming ineffective assistance of counsel[7] and violation of his due process rights.

---

[5] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[6] We note that the petitioner, in his reply brief, implies that it may have been improper for the same court involved in his plea negotiations to later preside over his sentencing. Although the petitioner states that this issue is "lurking in the background," he did not raise this issue as a claim in his principal appellate brief and, therefore, we do not address it. See *State* v. *Torell*, 223 Conn. App. 21, 50, 307 A.3d 280 (2023) ("[i]t is also a well established principle that arguments cannot be raised for the first time in a reply brief" (internal quotation marks omitted)), cert. denied, 348 Conn. 960, 312 A.3d 36 (2024); see also *State* v. *Thompson*, 98 Conn. App. 245, 248, 907 A.2d 1257 ("[a]lthough the function of the appellant's reply brief is to respond to the arguments and authority presented in the appellee's brief, that function does not include raising an entirely new claim of error" (internal quotation marks omitted)), cert. denied, 280 Conn. 946, 912 A.2d 482 (2006).

[7] In counts one and two of his habeas petition, the petitioner raised claims of ineffective assistance against trial counsel and appellate counsel, respectively.

Before trial, however, he withdrew his ineffective assistance of counsel claims, leaving only his freestanding due process claim. Specifically, he claimed that the sentencing court deprived him of due process by unlawfully increasing the original plea offer of a prison sentence of thirteen years to a sentence of eighteen years.

The habeas court, *Newson, J.*, held a trial on the petition for a writ of habeas corpus on June 6, 2023. On July 17, 2023, the court issued a memorandum of decision denying the petition. In its memorandum of decision, the court concluded that the petitioner was not deprived of due process because "there were clearly factors other than the mere fact that he went forward with the suppression hearing involved in the decision to increase the sentence." On July 28, 2023, the petitioner filed a petition for certification to appeal, which the court denied on August 1, 2023. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the applicable standard of review. "Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on the merits. . . . In

determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling . . . [and] [r]eversal is required only where an abuse of discretion is manifest or where injustice appears to have been done. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the habeas court reasonably determined that the petitioner's appeal was frivolous." (Citation omitted; internal quotation marks omitted.) *McClain* v. *Commissioner of Correction*, 188 Conn. App. 70, 74–75, 204 A.3d 82, cert. denied, 331 Conn. 914, 204 A.3d 702 (2019). "In other words, we review the petitioner's substantive claims for the purpose of ascertaining whether those claims satisfy one or more of the three criteria . . . adopted by [our Supreme] [C]ourt for determining the propriety of the habeas court's denial of the petition for certification." (Internal quotation marks omitted.) *Vega* v. *Commissioner of Correction*, 224 Conn. App. 652, 658, 312 A.3d 1142, cert. granted, 349 Conn. 914, 315 A.3d 300 (2024).

On appeal, the petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal from its decision regarding his claim that the sentencing court deprived him of due process. Specifically, the petitioner argues that the habeas court should have concluded that the sentencing court violated his due process rights by imposing a lengthier sentence than it had previously offered to punish him for pursuing a motion to suppress. We disagree.

"[A] habeas court's findings of fact are reviewed under the clearly erroneous standard of review . . . . Whether the petitioner's right to due process of law was violated . . . however, is a mixed question of law and fact that warrants plenary review. . . . When our

review is plenary, we must determine whether [the court's legal conclusions] are legally and logically correct and whether they find support in the facts set out in the court's [ruling] . . . ." (Citation omitted; internal quotation marks omitted.) *Council* v. *Commissioner of Correction*, 114 Conn. App. 99, 103, 968 A.2d 483, cert. denied, 292 Conn. 918, 973 A.2d 1275 (2009).

"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." (Internal quotation marks omitted.) *State* v. *Revelo*, 256 Conn. 494, 508, 775 A.2d 260, cert. denied, 534 U.S. 1052, 122 S. Ct. 639, 151 L. Ed. 2d 558 (2001). Indeed, the law plainly allows parties to pursue motions to suppress evidence. See id., 514 (noting that defendant had "right to a judicial ruling on his motion to suppress"). At the same time, however, "a court generally is not prohibited from denying leniency to a defendant who elects to exercise a statutory or constitutional right." *State* v. *Angel M.*, 337 Conn. 655, 669, 255 A.3d 801 (2020). It is not "improper for [a] court, upon learning of [a] defendant's decision to reject [a plea] offer, to inform the defendant of the potential for a greater sentence in the event his motion [to suppress is] denied. In such circumstances, however, it also would be incumbent upon the court to explain why a greater sentence might be appropriate . . . to dispel any suggestion that the court was prepared to punish the defendant merely for exercising his right to a judicial determination of his motion." (Citation omitted.) *State* v. *Revelo*, supra, 516. Therefore, the court may properly inform "the defendant of the possibility of a greater sentence if he pressed and lost his motion to suppress because, in that event, the prosecutor's hand would be strengthened considerably, and, in addition, the defendant arguably would be entitled to less consideration for his plea than if he had chosen to accept responsibility for the offense at an earlier stage of the proceedings." Id., 515 n.28.

In *Revelo*, our Supreme Court "concluded that the trial court had increased the sentence of the defendant . . . solely because he elected to exercise his right to challenge the constitutionality of a police search of his home that had resulted in the seizure of a substantial quantity of cocaine. . . . After [the defendant] was charged with certain drug and related offenses stemming from that search, he filed a motion to suppress the cocaine on the ground that the facts alleged in the search warrant on which the seizure of the cocaine was predicated did not support a finding of probable cause. . . . At a pretrial hearing, the trial court announced that, although [the defendant] had been offered a plea bargain pursuant to which he would be permitted to plead guilty and to receive a sentence of eight years of imprisonment, he elected to have a hearing and a ruling on his motion to suppress. . . . The court further stated that, if [the defendant] pressed his motion and, after the hearing, it was denied, he could then enter a guilty plea and receive a sentence of nine years instead of eight years. . . . [The defendant] chose the second option, and, in accordance with that election, a hearing was conducted on his motion to suppress, following which the motion was denied. . . . Shortly thereafter, [the defendant] entered a plea of nolo contendere to the charge of selling illegal drugs, and, as the court previously had promised him, he received a sentence of nine years. . . . On appeal, [the defendant] maintained that the nine year sentence violated his right to due process because he received that sentence, instead of the eight year sentence that he had been offered originally, solely for exercising his right to a judicial resolution of his motion to suppress. . . . [Our Supreme Court] agreed with [the defendant], explaining . . . that, in certain circumstances, it may be difficult to draw a meaningful distinction between enhancing the punishment imposed on an accused who exercises

a constitutional right and denying him the leniency that he claims he would deserve if he waived that right. . . . Although the distinction between refusing to show leniency to an accused who insists on asserting a constitutional right and punishing an accused for asserting that right may, at times, be a fine one, there is no difficulty in discerning what occurred in [the defendant's] case: the trial court imposed a more severe sentence on [the defendant] solely because he asserted his right to a judicial ruling on his motion to suppress." (Citations omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Angel M.*, supra, 337 Conn. 673–74.

This case stands in stark contrast to what occurred in *Revelo*. In the present case, after the petitioner informed the trial court that he was rejecting the court's initial plea offer, the court canvassed him to ensure he understood that, if he lost his motion to suppress, the state would be in a stronger position, and it was likely that any subsequent plea offer would be higher than the state's original offer of sixteen years and the court's offer of thirteen years. The court went a step further, informing the petitioner of the potential benefits of pursuing the motion to suppress. Specifically, it stated: "[I]f you prevail on the motion to suppress that would be the end of the case, I believe. . . . I don't believe the state could go forward, although I'm not binding them to that, but that is the strength of their case. So, if you win that motion, most likely that would be the end of the case." With those considerations in mind, the petitioner pursued his motion to suppress and was unsuccessful. Because questions surrounding the admissibility of the petitioner's confession had been formally decided, and the state's case thereby strengthened, the state increased its offer to twenty years of incarceration, and, in response, the court offered the petitioner a sentence of eighteen years of incarceration.

The court's remarks when canvassing the petitioner did not suggest that a lengthier sentence would be imposed because he was deciding to pursue a motion to suppress but, rather, served as a warning that any subsequent offers would likely increase if he lost the motion, given the increased strength of the state's case. The court's warning was entirely consistent with our Supreme Court's guidance in *Revelo* that a court may inform a defendant "of the possibility of a greater sentence if he pressed and lost his motion to suppress because, in that event, the prosecutor's hand would be strengthened considerably . . . ." *State* v. *Revelo*, supra, 256 Conn. 515 n.28. On the basis of our own review of the record, we conclude that the habeas court properly determined that the trial court did not deprive the petitioner of his due process rights by imposing a lengthier sentence after the petitioner pursued and lost a motion to suppress his statements.

Given the clear precedent on this issue, we are not persuaded that the issue, as presented by the petitioner, is debatable among jurists of reason, that it reasonably could be resolved differently, or that it raises questions deserving further appellate scrutiny. Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.